IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>A permanent easement totaling 0.889 acres, )<br>more or less, and temporary easements )<br>totaling 0.859 acres, more or less, over a )<br>parcel of land in Brunswick County, )<br>Virginia of approximately 25.00 acres in )<br>size, as more particularly described herein, )<br>*et al.*, )<br>)<br>Defendants. ) | Civil Action No.: 3:14-cv-00405-HEH |

## MEMORANDUM OPINION
(Granting Plaintiff's Motion for Summary Judgment)

This action stems from an expansion effort by Plaintiff Transcontinental Gas Pipe Line Company, LLC ("Transco") to build nearly 100 miles of interstate natural gas pipeline throughout Virginia's Southside region. The case is before the Court on Transco's Motion for Summary Judgment (ECF No. 78). For the reasons stated herein, Transco's Motion will be GRANTED.

## BACKGROUND

1. Transco is a natural gas pipeline company subject to regulation by the Federal Energy Regulatory Commission under the Natural Gas Act ("NGA" or "the Act"), codified at 15 U.S.C. §§ 717-717z. On November 21, 2013, the Federal Energy Regulatory Commission ("FERC") issued Transco a Certificate of Public Convenience

and Necessity ("FERC Certificate"). *See Transcontinental Gas Pipe Line Co. LLC*, 145 F.E.R.C. P 61152, 2013 WL 6137661 (Nov. 21, 2013). In accordance with the FERC Certificate, Transco intends to build nearly 100 miles of a new 24-inch interstate natural gas pipeline ("Virginia Southside Expansion Project" or "the Project") in multiple states. (Complaint, ECF No.1, at ¶¶ 13, 15.) The Project will allow Transco to transport natural gas from a "pooling point" in New Jersey to a new natural gas-fired power station that a Dominion Virginia Power ("DVP") affiliate is building in Brunswick County, Virginia. *Transcontinental Gas*, 2013 WL 6137661, at *4.

2. By Order entered on August 15, 2014 (the "August 15th Order," ECF No. 77), the Court granted Transco's Motion for Partial Summary Judgment (ECF No. 29) and Motion for Preliminary Injunction (ECF No. 31), and included a detailed description of the Project which is incorporated by reference into this Memorandum Opinion. (*See* August 15th Order at ¶¶ 8–16.)

3. Transco filed the Complaint in this action on June 5, 2014 and Notices of Condemnation (ECF Nos. 3-27) on June 6, 2014 to condemn certain easements necessary for the Project over a parcel of real property in Brunswick County, Virginia in which the Defendants have an interest. That real property is described as follows:

> All that certain tract or parcel of land situate in Sturgeon Magisterial District, Brunswick County, Virginia, containing twenty-five (25) acres, more or less, and being the unsold residue of a tract of land containing 50 acres, more or less, which was conveyed to Sarah Rose Turner, as "Sarah Robertson" by deed of J. B. Maclin and wife, dated September 11, 1901, of record in the Clerk's Office of the Circuit Court of Brunswick County, Virginia, in Deed Book 53A, Page 79, after deducting therefrom 25 acres, more or

less, thereof conveyed to Pattie Robinson by deed of Sarah Rose Turner, dated September 14, 1927, of record in the Clerk's Office aforesaid in Deed Book 90, Page 154.

AND BEING the same property conveyed to Sarah Robertson from T. B. Maclin, Fannie W. Maclin, M.J. Hill and Nannie W. Beach by Deed dated September 11, 1901 and recorded January 20, 1903 in Deed Book 53A, Page 79; AND FURTHER CONVEYED to Pattie Robinson from Sarah Rose "Turner" by Deed dated September 14, 1927 and recorded June 20, 1938 in Deed Book 90, Page 154; AND FURTHER CONVEYED to Marion Roach Nesby, Alfred Roach, Sarah Roach, Jacqueline Roach Yarrell, Linda Roach Walker and Deborah Roach from Eloise White by Deed dated April 01, 1987 and recorded May 01, 1987 in Deed Book 222, Page 109 (the "Property").

For informational purposes only and not to vary the preceding description of the Property, the Property is identified on the Brunswick County, Virginia Tax Map as Parcel No. 56-43.

(*See* August 15th Order at ¶ 1 (the "Property").)

4. Transco seeks to condemn a permanent easement, 50 feet in width, over a 0.889 acre portion of the Property (the "Permanent Easement"), and two temporary construction easements over 0.859 acres of the Property ("Temporary Construction Easements"). The Permanent Easement, which is necessary for the construction and operation of a portion of the Project's new 24-inch natural gas pipeline, is described as "Area of Proposed Right of Way" in the Survey Plat prepared by a Certified Virginia Land Surveyor ("Survey Plat"). (Compl., Ex. B thereto.) A legal description of the Permanent Easement is included with the Survey Plat. A copy of the Survey Plat is attached to this Memorandum Opinion as Exhibit No. 1. The terms and conditions of the Permanent Easement are set forth in Exhibit C to the Complaint, a copy of which is attached to this Memorandum Opinion as Exhibit No. 2. The Temporary Construction

Easements, which Transco requires for use as work space during the Project, are shown and described on the Survey Plat as "Area of Temporary Work Space No. 1" (0.352 acres) and "Area of Temporary Work Space No. 2" (0.507 acres). Legal descriptions of the Temporary Construction Easements are included with the Survey Plat. The terms and conditions of the Temporary Construction Easements are set forth in Exhibit D to the Complaint, a copy of which is attached to this Memorandum Opinion as Exhibit No. 3.

5. In the August 15th Order, the Court found that all Defendants were properly served, and that no Defendant filed any Answer or Notice of Appearance as required by Fed. R. Civ. P. 71.1(e). (August 15th Order at ¶¶ 4–5.) Additionally, the Court held that Transco has the substantive legal right to condemn the Permanent Easement and Temporary Construction Easements pursuant to 15 U.S.C. § 717f(h). (*Id.* at 12, ¶ (3).) Lastly, the Court determined that only two owners of the Property, Defendants Taiysha Brown Lagarde ("Ms. Lagarde") and Rose Chandra Williams ("Ms. Williams"), are entitled to an award of just compensation in this action, as all other Defendant owners were dismissed from this action after consenting to, and accepting full compensation for, Transco's acquisition of the Permanent Easement and Temporary Construction Easements. (*Id.* at ¶¶ 3, 33.)

6. Pursuant to the August 15th Order, on August 19, 2014, Transco deposited the sum of $25.94 into the registry of the Court (the "Deposit") as security for the preliminary injunction authorizing Transco to take immediate possession of the easements. (*See* Mem. Supp. Mot. for Summ. J., ECF No. 79, Ex. B. thereto.) The Court found that this sum represented Ms. Lagarde's and Ms. Williams's proportionate shares of the $700.00 fair market value of the Permanent Easement and Temporary Construction

Easements as determined by a Certified Virginia Real Estate Appraiser. (August 15th Order at ¶ 33.)

7. Thus after entry of the August 15th Order, there remained only two considerations for the Court: (1) determine the just compensation owing to Ms. Lagarde and Ms. Williams for Transco's condemnation of the Permanent Easement and the Temporary Construction Easements; and (2) vest legal title to these easements in Transco.

8. On September 12, 2014, Transco filed a Motion for Summary Judgment and *Roseboro v. Garrison* Notice to any *Pro Se* Defendants who might respond together with a supporting Brief. Transco's Motion requests that the Court enter summary judgment as a matter of law on the remaining two issues in this case. As no Defendant has responded to Transco's Motion, and because the time for any response has expired, this matter is now ripe for disposition.

## STANDARD OF REVIEW

9. Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c).

10. "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely

on the pleadings, depositions, answers to interrogatories, and admissions on file." *Celotex Corp.*, 477 U.S. at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed.R.Civ.P. 56(c) and 56(e) (1986)). "If a party fails ... to properly address another party's assertion of fact as required by Rule 56(c), the court may ... consider the fact undisputed for purposes of the motion." Fed.R.Civ.P. 56(e)(2).

11. In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *U.S. v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Nevertheless, the nonmoving party cannot "'create a genuine issue of material fact through mere speculation or the building of one inference upon another.'" *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)).

## ANALYSIS

12. The appropriate measure of compensation in a condemnation proceeding is the fair market value of the property as of the date of the taking. *See U.S. v. Miller*, 317 U.S. 369, 374, 63 S.Ct. 276, 87 L.Ed. 336 (1943); *see also Columbia Gas Transmission Corp. v. Rodriguez*, 551 F. Supp. 2d 460, 462 (W.D. Va. 2008) (citing *U.S. v. Petty Motor Co.*, 327 U.S. 372, 377–78 (1946)) (holding that "'[m]arket value,' rather than the value to the condemnor or the owner, is the proper measure of just compensation."). The landowner bears the burden of proving the value of the land taken. *U.S. v. 69.1 Acres of*

*Land*, 942 F.2d 290, 292 (4th Cir. 1991) (citing *U.S. ex rel. TVA v. Powelson*, 319 U.S. 266, 274, 63 S.Ct. 1047, 87 L.Ed. 1390 (1943)).

13. Transco is the only party to present any evidence establishing the fair market value of the Permanent Easement and Temporary Construction Easements. Despite abundant time to do so, no Defendant to this action has presented any evidence as to fair market value, nor has any defendant objected to or opposed the evidence provided by Transco. Under Local Civil Rule 7(K)(2) and Fed. R. Civ. P. 56(e), the Court is entitled to, and hereby shall, consider Transco's Motion for Summary Judgment to be unopposed, accept as true and correct the facts asserted in the Motion and supporting brief, declaration, and documentary evidence, and rule on the papers without a hearing. *See Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993) (recognizing that failing to respond to a summary judgment motion entitles the district court to treat the motion as unopposed and the facts stated therein as uncontroverted).

14. After reviewing the record, the Court concludes that there is no genuine issue as to any material fact, and Transco is entitled to summary judgment as a matter of law.

15. In support of its Motion, Transco presents a detailed Appraisal Report prepared by independent Certified Virginia Real Estate Appraisers that determines the fair market value of the Permanent Easement and Temporary Construction Easements is $700.00. (*See* Mem. Supp. Mot. for Summ. J., Ex. A. thereto, Valbridge Property Advisors Appraisal Report ("Appraisal Report").) Considering both the breadth and quality of the Appraisal Report, the Court accepts the report's suggestion as to fair market value of these easements. Particularly significant is the Appraisal Report's

consideration of sales of comparable land within a reasonable time before the taking. (*Id.* at 1, 18–26.); *see U.S. v. 100.01 Acres of Land*, 102 F. App'x 295, 298 (4th Cir. 2004) (unpublished) (explaining that the "best evidence" of fair market value is sales of comparable land within a reasonable time before the taking) (quoting *U.S. v. Whitehurst*, 337 F.2d 765, 775 (4th Cir. 1964).

16. As explained in the August 15th Order, Ms. Lagarde and Ms. Williams are the only Defendants entitled to receive an award of just compensation, as all other Defendants received full compensation. (*See* August 15th Order at ¶ 3.) Accordingly, Ms. Lagarde's and Ms. Williams's share of compensation must be in proportion to their individual ownership interest in the Property. Transco's evidence indicates that Ms. Lagarde and Ms. Williams each have a 1.852% ownership interest in the Property. (*See* Mem. Supp. Mot. for Summ. J., Ex. A thereto, Declaration of Timothy Chastain, at ¶ 6.) Therefore, the Court finds that Ms. Lagarde and Ms. Williams are entitled to a just compensation award of $25.94, which reflects their combined 3.704% share of the $700.00 fair market value of the Permanent Easement and Temporary Construction Easements. (*Id.*)

17. Transco deposited the sum of $25.94 with the Court in connection with the preliminary injunction previously granted in this action. (*See* Mem. Supp. Mot. for Summ. J., Ex. B. thereto.) These funds should be deemed payment of the just compensation required for the condemnation of the Permanent Easement and Temporary Construction Easements.

18. Having satisfied its obligation to pay just compensation for the Permanent Easement and the Temporary Construction Easements, the Court hereby finds that Transco should be vested with indefeasible legal title to those easements.

19. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Nov. 25, 2014
Richmond, Virginia